IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,497-01




EX PARTE BYRON DEWAYNE SMITH, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 23420 IN THE 6TH DISTRICT COURT
FROM LAMAR COUNTY


 
Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
failure to register as a sex offender and sentenced to eight years’ imprisonment on each count. 
            Applicant contends that his counsel rendered ineffective assistance because counsel failed
to timely file a notice of appeal. The State agrees that he is entitled to relief, but the habeas record
does not contain a response from counsel and findings from the trial court. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant’s claim of ineffective assistance
of counsel on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant was entitled to appeal his
convictions and whether he had the trial court’s permission to appeal. If so, the trial court shall make
findings of fact as to whether Applicant was denied his right to a meaningful appeal because
Applicant’s counsel failed to timely file a notice of appeal. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: October 6, 2010
Do not publish